In re Jimmy **DANIELS** and Rosemary Daniels, Debtors.

**INTEGRATED COMPUTER SOLUTIONS, INC.,** Plaintiff,

v.

Jimmy **DANIELS** and Rosemary Daniels, Defendants.

Bankruptcy No. 87–01843–BKC–SMW. Adv. No. 88–0475–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 13, 1988.

See also, 79 B.R. 88.

Arthur Weitzner, Miami, Fla., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Integrated Computer Solutions, Inc., (the "creditor") for nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) against Jimmy and Rosemary Daniels (the "debtors") and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b) and § 157(a), (b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In October and November 1986 the debtors, doing business as Alpha Business Supplies ("Alpha"), tendered three checks on the account of Alpha to the creditor in exchange for C.O.D. deliveries for merchandise purchased. The debtors tendered the checks to the creditor knowing that there were insufficient funds to cover the amounts of the checks. The creditor relied on the checks, based on its prior course of dealing, and delivered the merchandise purchased. Thereafter, the creditor presented the checks for payment and they were dishonored due to insufficient funds. The creditor filed a lawsuit in state court which resulted in the entry of a final judgment for the creditor in the amount of $29,279.05.

The creditor brings this action pursuant to § 523(a)(2)(A) and (a)(6) seeking to exempt from discharge the state court judgment due to the debtors fraud and misrepresentations in issuing checks with insufficient funds. Before commencement of the bankruptcy trial the parties agreed to only address the creditor's claim against the debtors under 11 U.S.C. § 523(a)(2)(A).

The creditor argues that the bankruptcy court should apply collateral estoppel in order to prevent the relitigation of the issues already decided by the state court. The state court awarded compensatory and punitive damages to the creditor based on the fraud perpetrated by the debtors in issuing three checks with insufficient funds in exchange for the delivery of merchandise.

While the doctrine of res judicata is inapplicable to determine the dischargeability of a debt in bankruptcy, the doctrine of collateral estoppel has been used in dischargeability proceedings. *In re Latch*, 820 F.2d 1163 (11th Cir.1987); *See Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1978). In order for collateral estoppel to be applied, three elements must be presented:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation; and

(3) A determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*In re Halpern*, 810 F.2d at 1061, 1064 (11th Cir.1987). After a review of the facts presented and the debtors testimony, the Court finds that the requirements delineated in *Halpern* have been met, and finds that the debtors committed a fraud upon the creditor, therefore, the Court will give collateral estoppel effect to the state court's final judgment.

Based upon the foregoing, this Court finds that the state court final judgement is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

A separate Final Judgment of even date has been entered in conformity herewith.