In re Charles M. POWELL, Debtor.

BEAR, STEARNS & CO., Plaintiff,

v.

Charles M. POWELL, Defendant.

Bankruptcy No. 88–00596–BKC–SMW.
Adv. No. 88–0227–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 17, 1989.

Raul A. Cuervo, Tew Jorden Schulte & Beasley, Miami, Fla., for Creditor Bear, Stearns & Co.

Chad M. Pugatch, Ft. Lauderdale, Fla., for debtor Charles M. Powell.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Bear, Stearns & Co. (the "creditor") for non-dischargeability of a debt of Charles M. Powell (the "debtor") pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), and the Court having examined the evidence presented, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

The creditor obtained a judgment against the debtor in the United States District Court, Southern District of Florida in the case styled *Bear, Stearns & Co. vs. Charles M. Powell, Ronald Berkovitz and Alpha Capital Group, Inc.*, Case No. 84–2828 Civ–Ryskamp. At the bankruptcy trial, the creditor argued that the prior judgment of the district court collaterally estopped the debtor from contesting the issue of his discharge or his indebtedness to the creditor and, therefore, introduced into evidence a Final Judgment After Jury Trial (the "Final Judgment") obtained in the district court, as well as the Jury Verdict Form (the "Verdict"), the Complaint, an Order Denying Judgment Notwithstanding Verdict and Denying a Motion for a New Trial, and the transcript of the jury trial held in the district court. The debtor introduced no additional testimonial or documentary evidence, but rather relied on the evidence introduced by the creditor.

The debtor and Ronald Berkovitz ("Berkovitz") were principals of Alpha Capital Group, Inc. ("Alpha"). They contacted a broker, associated with the creditor and with whom they had previous business dealings, and sought to have the creditor purchase two hundred thousand shares of International Telephone and Telegraph ("ITT") stock at market price on their behalf. The debtor represented that he was acting on behalf of a third party in the purchase of the stock. In addition, the debtor represented that he and Berkovitz had the funds necessary to make certain deposits required by the creditor. The creditor purchased one hundred eight thousand shares of ITT stock on November 6 and 7, 1984 and became liable for a total purchase price and commissions of $3,058,-887.00.

When the creditor requested that the debtor transfer the funds from a local bank to them in order to cover the purchase

price of the stock, the debtor was unable to pay the amount. In addition, the creditor discovered that the third party had never been involved with the purchase of the stock. Instead, the debtor and Berkovitz had unsuccessfully applied for a loan with the local bank and had no funds available to purchase the stock. After learning that the debtor and Berkovitz did not have the ability to pay, the creditor sold the ITT stock at the market price on November 15, 1984 and received net proceeds of $2,864,-940.52. This created a shortfall in the amount of $193,946.48.

Thereafter, the creditor filed a complaint in the district court, alleging breach of contract, violations of Florida Statute § 517.301 regarding misrepresentations and omissions made in connection with the offer, sale and purchase of a security, common law fraud and civil theft. The jury returned a verdict against the debtor, on breach of contract, on violations of the Florida Securities Act, and found the debtor had committed common law fraud. The district court entered a Final Judgment against the debtor and Ronald Berkovitz, jointly and severally, in the amount of $254,711.52. The district court further entered a Final Judgment in favor of the creditor and against the debtor, individually, in the amount of $50,000.00 as punitive damages.

The creditor argues that the bankruptcy court should apply collateral estoppel in order to prevent the relitigation of the issues already decided by the district court. However, the debtor argues that because of the differences in standards of proof between the district court action and the instant action, the Court may not apply collateral estoppel. The debtor further argues that the fraud of his agent, Berkovitz, may not be imputed to the debtor.

█ While the doctrine of res judicata is inapplicable to cases to determine the dischargeability of a debt in bankruptcy, *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court left open the issue of whether the doctrine of collateral estoppel may be applied in dischargeability proceedings. 442

U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. The Eleventh Circuit has affirmed the use of the doctrine of collateral estoppel, sometimes known as issue preclusion, in dischargeability proceedings. *In re Latch,* 820 F.2d 1163 (11th Cir.1987); *In re Halpern,* 810 F.2d 1061 (11th Cir.1987). This Court, giving preclusive effect to the facts actually litigated in an action in the Northern District of Iowa, applied the doctrine of collateral estoppel in finding a debt non-dischargeable. *In re Coover,* 70 B.R. 554, 558 (Bankr.S.D.Fla.1987). Because the judgment in the instant case is a federal court judgment, federal law determines whether collateral estoppel effect would be appropriate. *In re Nix,* 92 B.R. 164, 167 (Bankr. N.D.Tex.1988).

█ Collateral estoppel binds the litigants in a proceeding to the facts actually litigated in prior proceedings in which the litigants were parties. *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897). The Eleventh Circuit has held that in order for collateral estoppel to be applied in dischargeability proceedings, three elements must be present:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation; and

(3) A determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*In re Halpern,* 810 F.2d at 1064; *In re Held,* 734 F.2d 628, 629 (11th Cir.1984).

█ The bankruptcy court has exclusive jurisdiction to determine the dischargeability of a particular debt. *In re Coover,* 70 B.R. at 558. This does not mean that Congress intended that bankruptcy courts redetermine all of the underlying facts regarding dischargeability when there has already been a determination of those facts by another court of competent jurisdiction. *In re Coover,* 70 B.R. at 558.

█ The creditor's complaint alleges that the debt created by the district court

judgment is excepted from discharge by two provisions of the Bankruptcy Code. The first is 11 U.S.C. § 523(a)(2)(A) which excepts from discharge a debt:

> (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

> .  .  .  .  .

In order for the Court to preclude the discharge of a debt for a false representation or fraud, the creditor must prove by clear and convincing evidence that:

> The Debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained the loss as a result of the representation.

*In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). The debtor must be guilty of a fraud involving moral turpitude. 780 F.2d at 1579. The jury in the district court action was instructed on the elements of common law fraud in Florida, which elements closely mirror the elements outlined in *Hunter* above. Therefore, this Court finds that the elements of common law fraud in Florida are sufficiently identical to those required by *Hunter* to meet the first prong of the test for collateral estoppel. Furthermore, each element needed to show a false representation and actual fraud under 11 U.S.C. § 523(a)(2)(A) has already been litigated by the debtor and the creditor before a jury in the district court, thus fulfilling the second prong of the test. Finally, the third prong of the test is met because the jury verdict was essential to the final judgment in favor of the creditor.

The creditor also alleged in its complaint that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). 11 U.S.C. § 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The debtor was involved in a fraudulent scheme to induce the creditor into purchasing stock on his behalf for which the debtor had no ability to pay. The creditor argues that in awarding punitive damages to the creditor in the amount of $50,000.00, the jury in the district court action, as well as the district court in its judgment, recognized that the acts of the debtor were done willfully, intentionally or with callous and reckless indifference to the creditor's rights.

The jury was instructed that in order to find common law fraud it must find that the defendant intended to induce the plaintiff to rely and act upon the misrepresentations. The debtor's deliberate acts which fraudulently induced the creditor to purchase the stock meet the willful and malicious requirement of 11 U.S.C. § 523(a)(6). Furthermore, the issues were actually litigated and were essential to the final judgment.

The debtor argued that collateral estoppel could not be applied in the present case under either § 523(a)(2) or § 523(a)(6) because of a difference in the standards of proof between the district court case and the trial before this Court. This argument must fail.

Other courts have addressed this issue and have held that collateral estoppel should be applied despite a difference in the standards of proof:

> This court has analyzed the issue of whether a prior judicial determination based upon a preponderance of the evidence can be sufficient to support a nondischargeability claim where clear and convincing evidence is required. The analysis reached the conclusion that the force of the prior judicial determination rested ultimately on the weight of the evidence supporting the factual determinations.... In this situation, the Bankruptcy Court simply cannot employ a purely technical distinction between evidentiary standards to undo a fully litigated judgment.

*In re McDonald,* 73 B.R. 877, 881 882 (Bankr.N.D.Tex.1987).

The Court is also mindful of the Eleventh Circuit's decision in *In re Held,* 734 F.2d 628 (11th Cir.1984), which found that a

state court award of punitive damages in a conversion action did not necessarily decide the question of willfulness and malice under § 523(a)(6), since the jury was instructed, as in the instant case, that it could award punitive damages on the ground of reckless indifference to the plaintiff's rights. A reckless indifference standard falls below the standard created by the Bankruptcy Reform Act of 1978. *See In re Held* at 629–30.

Like the *McDonald* court, however, this Court has reviewed the transcript of the trial in the district court and can make an independent judgment whether the evidence presented therein was sufficient to meet the clear and convincing standard necessary to except the creditor's debt from discharge. *Cf. Matter of Cheatham*, 44 B.R. 4, 8 (Bankr.N.D.Ala.1984) (refusing to apply doctrine of collateral estoppel, court made independent review of transcript and found the debtor had engaged in fraudulent conduct which rendered debt non-dischargeable). Having reviewed all the evidence, the Court independently finds that the debtor's actions clearly and convincingly constitute actual fraud under 11 U.S.C. § 523(a)(2)(A), and were done willfully and maliciously pursuant to 11 U.S.C. § 523(a)(6) as those terms have been defined by the courts. *See Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988); *Sunco Sales, Inc. v. Latch*, 58 B.R. 596, 599 (S.D.Fla.1986).

■ The debtor further argued that the jury below was given an agency instruction and therefore, the debtor may have been found liable for the acts of his agent Berkovitz. Apparently, the debtor believes that this precludes a finding that his debt is not dischargeable. This argument also must fail for two reasons. First, numerous cases have held that the fraud of an agent can be imputed to a principal debtor in order to preclude the discharge of the debtor based on that fraud. *In re Hosking*, 89 B.R. 971, 977 (Bankr.S.D.Fla.1988) (holding that a principal was responsible for his agents' submission of a fraudulent financial statement whether or not he knew or should have known of their fraud); *In re*

*Paolino*, 89 B.R. 453, 458 (Bankr.E.D.Pa. 1988) ("[u]nder 11 U.S.C. § 523(a)(2)(A), a debt incurred by the fraud of an agent can be rendered non-dischargeable as to the principal"). The Court adopts the reasoning of those decisions.

Second, this Court has made an independent review of the transcript of the trial in the district court and finds that the evidence presented at the trial reveals that the debtor himself made numerous misrepresentations and was in other ways involved in the scheme to defraud the creditor. Moreover, the creditor introduced evidence that the debtor expressly made Berkovitz his agent. Even if knowledge of the agent's fraud by the principal were required, the creditor has met that burden by clear and convincing evidence. *See In re Hosking*, 89 B.R. at 976–977.

Accordingly, the Court finds that the elements necessary to apply collateral estoppel have been met and, therefore, the doctrine of collateral estoppel will be applied. Additionally, based upon an independent review of the evidence submitted, this Court finds that the district court judgment is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

A separate Final Judgment of even date has been entered in conformity herewith.