In re Charles M. POWELL, Debtor.

**BEAR, STEARNS & CO., Plaintiff,**

**v.**

**Charles M. POWELL, Defendant.**

**Bankruptcy No. 89–6276–Civ.**

United States District Court,
S.D. Florida.

Oct. 4, 1989.

---

**344**

Chad F. Pugatch, Richard Siegmeister, Fort Lauderdale, Fla., for plaintiff.

Raul A. Cuervo, Tew Jorden Schulte & Beasley, Miami, Fla., for defendant.

### FINAL ORDER ON
### BANKRUPTCY APPEAL

JAMES LAWRENCE KING, Chief Judge.

Appellant/Defendant Charles M. Powell brings this appeal from the Bankruptcy Court for the Southern District of Florida under 28 U.S.C. section 158(a). Appellant Powell argues that the bankruptcy judge should not have found the judgment debt owed by Appellant Powell to Appellee/Plaintiff Bear, Stearns & Co. non-dischargeable under 11 U.S.C. section 523(a)(2)(A) and section 523(a)(6). In sum, Appellant Powell advances three supporting analyses for his position: one, that the

bankruptcy judge should not have given collateral estoppel effect to a prior federal district court judgment given the different burdens of proof in the two proceedings; two, the judge's findings of actual fraud and willful and malicious behavior from an independent review of the facts cannot withstand a "clearly erroneous" review by this court, and; three, the bankruptcy judge's determination that Appellant Powell's culpability transcended that of a mere agent and rose to a level sufficient to find non-dischargeability cannot withstand this court's clearly erroneous review.

As already stated, this court, on appellate review of a bankruptcy court's findings of fact, must apply a clearly erroneous standard. Bankruptcy Rule 8013, 11 U.S.C. As Appellant Powell himself points out:

> A finding is "clearly erroneous" when it is not supported by the record or "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Trust Co. Bank v. MGM/UA Entertainment Co.*, 772 F.2d 740 (11th Cir.1985), citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

The bankruptcy case here was founded upon an earlier district court action before Judge Ryskamp of this district (*Bear, Stearns & Co. v. Charles M. Powell, et al.*, No. 84–2828–Civ–Ryskamp (S.D.Fla.1987)). In that case, Appellant Powell was convicted of common law fraud, Florida securities law violations and breach of contract, and fined punitive damages. *Id.* The jury applied a preponderance of the evidence standard. The entire evidence presented to the bankruptcy court in this case consisted of the complaint, verdict, final judgment, order denying judgment not withstanding the verdict and denying motion for a new trial, and volumes I and II of the transcript in the above-mentioned case before Judge Ryskamp. Appellant's Brief at 4; Appellee's Brief at 3.

After it examined all of the evidence before it, the bankruptcy court independently found that that evidence clearly and convincingly supported non-dischargeability: "debtor's actions clearly and convincingly constitute actual fraud under 11 U.S.C. section 523(a)(2)(A), and were done willfully and maliciously pursuant to 11 U.S.C. section 523(a)(6) as those terms have been defined by the courts." *In re Charles M. Powell, Debtor: Bear, Stearns & Co. v. Charles M. Powell,* 95 B.R. 236, 240 (Bankr.S.D.Fla.1989).

■ This court has reviewed the bankruptcy opinion at issue, documents from the case before Judge Ryskamp, and three briefs submitted by the parties. Those materials reveal that the bankruptcy judge's finding of non-dischargeability must stand when tested against a clearly erroneous standard. On the whole, the underlying record from *Bear, Stearns & Co. v. Charles M. Powell, et al.,* No. 84–2828–Civ–Ryskamp, supports the bankruptcy court's finding of clear and convincing evidence. (At this juncture, the court notes that Appellant Powell chose to excerpt for this court only certain materials—most notably portions of depositions—from that record, rather than present a complete record for this court's reference.) The *Bear, Stearns & Co. v. Charles M. Powell* record reveals facts supporting a scheme to defraud, which the bankruptcy judge could find to constitute clear and convincing evidence of actual fraud and willful and malicious behavior.

■ Moreover, that record validates the bankruptcy judge's independent finding of individual culpability of Appellant Powell. Therefore, in addition, this court sustains the findings of the bankruptcy judge on the question of agency.

In this appeal, the court need not reach the bankruptcy court's application of law (validity of collateral estoppel) since the bankruptcy court's independent findings of fact are dispositive. As an aside, the court notes only that a lower standard of evidence in a prior proceeding might preclude application of collateral estoppel in a later proceeding.

In accord with the foregoing discussion, the court

ORDERS and ADJUDGES that the bankruptcy court's decision in this case is AFFIRMED.

DONE and ORDERED.