In re Louis S. ST. LAURENT, II and Ellen St. Laurent, Debtors.

William J. AMBROSE and Patty A. Ambrose, his wife, et al., Plaintiffs,

v.

Louis S. ST. LAURENT, II, Defendant.

Bankruptcy No. 88–05188–BKC–AJC.

Adv. No. 89–0095–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 16, 1989.

Louis S. St. Laurent, II, St. Laurent and St. Laurent, P.A., Miami, Fla., for defendant.

James W. Moore, Taylor, Brion, Buker & Greene, Miami, Fla., for plaintiffs.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on before the Court on July 12, 1989 upon the Complaint of WILLIAM J. AMBROSE and PATTY A. AMBROSE, his wife, et al., Plaintiffs, to determine the non-dischargeability of a debt pursuant to Sections 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(4) and the Court having examined the evidence presented, considered the argument of counsel and Memorandums of Law submitted and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 157(a), (b), and Section 1334(b), and the District Court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. Section 157(b)(2)(I).

2. The Plaintiffs obtained a judgment against the Debtor in the Circuit Court for Monroe County, Florida, Case No. 84–20156–CA(09), for compensatory damages in the amount of Forty–Eight Thousand Seven Hundred Five and $^{22}/_{100}$ Dollars ($48,705.22) and punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), which judgment was entered on the 23rd of October, 1986.

3. At the hearing on the adversary proceeding in this cause, the Plaintiffs argued that the prior judgment of the Circuit Court for Monroe County, Florida collaterally estopped the Debtor from contesting the issue of his discharge or his indebtedness to the Plaintiffs and introduced into evidence the Final Judgment on Crossclaim entered on the 23rd of October, 1986, the original transcript of the trial proceedings in Case No. 84–20156–CA(09), the Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint filed by the Debtor in Case No. 84–20156–CA(09), the Second Amended Answer to Second Amended Complaint, filed by the Plaintiffs in Case No. 84–20156–CA(09), and exemplary purchase agreements and deeds of conveyance utilized by the Debtor. [Plaintiffs' Exhibits 1–5] The deposition of the Debtor in the prior litigation, Case No. 84–20156–CA(09) was introduced, without objection, as Defendant's Exhibit 3. The remaining exhibits proposed by the Defendant were

admitted into evidence over objection by the Plaintiffs. No testimonial evidence was taken, both sides relying on the documentary evidence introduced.

4. The Plaintiffs are owners of time-share unit weeks in a project known as the Topsider, developed by the Debtor, and located in the Florida Keys. The project was encumbered by a first mortgage. The Debtor represented to the Plaintiffs that although the time-share unit weeks were encumbered by this first mortgage, the consideration received for purchase of the time-share unit weeks would be utilized to obtain a release of the time-share unit weeks from the encumbrance of the first mortgage. Although the purchase money consideration was received by the Debtor, in conveying title to the time-share unit weeks to the Plaintiffs, the deeds of conveyance reflected that the first mortgage no longer encumbered the time-share unit weeks. In reality, a release had not been obtained from the first mortgage, and the litigation in Case No. 84–20156–CA(09) ensued. The Debtor was a party to this litigation, jurisdiction obtained over his person, and he actively participated in the litigation and the trial. A non-jury trial took place on June 19, 1986 in Monroe County Circuit Court and judgment was entered in favor of the Plaintiffs on October 23, 1986. Specifically set forth in the judgment is a determination, established by the greater weight of the evidence that the Debtor made fraudulent representations to the Plaintiffs by representing that the Plaintiffs would obtain title to their time-share unit weeks free and clear of the first mortgage, when, in fact, the Debtor misdirected the consideration paid by the Plaintiffs by converting those monies to his own use and not to obtain releases from the subject mortgage. The judgment determined compensatory damages in the amount of Forty–Eight Thousand Seven Hundred Five and 22/100 Dollars ($48,705.22) and punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00) in favor of the Plaintiffs.

5. The Plaintiffs argue that this Court should apply collateral estoppel in order to prevent the re-litigation of the issues already decided by the Circuit Court in Monroe County, Case No. 84–20156–CA(09). However, this Court has queried the applicability of the doctrine of collateral estoppel given that the standard of proof in the prior litigation was the greater weight of the evidence while this Court must determine the non-dischargeability of the debt by clear and convincing debt.

6. The doctrine of collateral estoppel has been used in dischargeability proceedings [*In Re Powell*, 95 B.R. 236 (Bkrtcy.S. D.Fla.1989); *In Re Daniels*, 94 B.R. 205 (Bkrtcy.S.D.Fla.1988); *In Re Latch*, 820 F.2d 1163 (11th Cir.1987); *In Re Coover*, 70 B.R. 554 (Bkrtcy.S.D.Fla.1987); *In Re McDonald*, 73 B.R. 877 (Bkrtcy.N.D.Tex. 1987)]

7. In order for collateral estoppel to be applied, three elements must be presented:

1. The issue at stake must be identical to the one involved in the prior litigation;

2. The issue must have been actually litigated in the prior litigation; and

3. A determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

[*In Re Powell*, 95 B.R. 236 (Bkrtcy.S.D.Fla. 1989).]

8. After a review of the facts presented, documentary evidence and testimony as delineated in the documentary evidence received, the Court finds that the requirements of the test set forth in *Powell* have been met. The Debtor commited a fraud upon the Plaintiffs; therefore, the Court will give collateral estoppel effect to the state court judgment.

9. Based upon the foregoing, this Court finds that the state court judgment is non-dischargeable under 11 U.S.C. Section 523(a)(2)(A) and Section 523(a)(4).

8. A separate Final Judgment of even date has been entered in conformity herewith.