KAHN, Judge,
concurring in part and dissenting in part.
I fully concur as to the court’s resolution of the issue raised by Dampier on appeal, but I dissent as to the Beaty Group’s cross-appeal and would affirm the final order issued by the Department, which in turn approved, at least implicitly, the hearing officer’s determination that Dampier’s claim against the Fund was properly perfected pursuant to Section 494.043, Florida Statutes.
Section 494.043 provides two alternative means for perfecting claims against the Fund. The first method, the one followed by Mrs. Dampier, is considerably more burdensome than the second method. Under subsection (2) of the statute, where the defaulting licensee or registrant has sought relief in bankruptcy court, the claimant need only file a proof of claim in the bankruptcy proceedings and notify the Department of such claim in order to satisfy the conditions precedent for recovery. I would hold that where a claimant has fully complied with subsection (1) and has taken the further step of obtaining relief from the bankruptcy stay, before proceeding to final judgment, the conditions precedent of the statute are satisfied, and to require the claimant, now a judgment creditor, to proceed further in bankruptcy court would be illogical and would afford no further protection to the Department. I would suggest that such a result is also supported by the plain language of Section 494.044(2), Florida Statutes: “The claimant shall assign his right, title, and interest in the judgment, to the extent of his recovery from the fund, to the Department and shall record, at his own expense, the assignment of judgment in every county where the judgment is recorded” (e.s.). The legislature has required, therefore, that anyone *1110 perfecting a right to recovery under Section 494.043(1) must fully protect the Department by an assignment of all rights in a claimant’s judgment. My review of Chapter 494 reveals no parallel provision binding upon claimants proceeding under the bankruptcy alternative provided in Section 494.043(2).[1] Reading the two statutes in tandem, I would conclude that the bankruptcy route is certainly available to the claimant, but failure to follow this route will not bar a claimant who has already faithfully complied with Section 494.043(1). Only a claimant entirely barred by the automatic bankruptcy stay from proceeding to judgment should be held exclusively to an application of Section 494.043(2).
By rejecting the objections of the Beaty Group, the Department has, in effect, agreed that strict adherence to Section 494.043(2) will not be required in cases where the Department’s interests have been fully protected by the claimant through the means afforded in the first subsection of the statute. As pointed out by the majority, the Department of Banking and Finance is charged with administering Chapter 494 and is due considerable deference in its construction of statutes contained in that chapter. This maxim is all the more true with regard to Section 494.043, since this statute was apparently intended to afford at least a modicum of protection to the Department in cases where the Mortgage Brokerage Guaranty Fund is required to make payment.
I respectfully dissent as to the remand for further proceedings.

. Since it is implicit in the statutory language here construed by the court that the Department will step into the shoes of the claimant, it would appear significant to me to make a determination as to what claims survive the bankruptcy. Neither party has addressed this issue, and the record contains scanty information with regard to Beeler’s bankruptcy proceeding. It is clear, however, that Dampier's underlying claim against Beeler sounds in fraud or misrepresentation. A discharge in bankruptcy does not discharge an individual debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). See, In Re Powell, 95 B.R. 236 (Bankr.S.D.Fla.1989) (judgment debt arising out of debtor’s willful misstatements in connection with purchase of securities was excepted from discharge as debt arising out of debtor’s "actual fraud").