In re Loren B. DUNKLEY, Debtor.

Barbara SHEARER, Plaintiff,

v.

Loren B. DUNKLEY, Defendant.

Bankruptcy No. 97 B 34514.
Adversary No. 97 A 01793.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 21, 1998.

208

Keevan Morgan, Rakesh Khanna, Morgan & Bley, Chicago, IL, for Plaintiff.

Kerry M. Lavelle, Theodore M. McGinn, Lavelle Legal Services, Ltd., Chicago, IL, for Debtor/Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Barbara Shearer ("Plaintiff") for summary judgment against Loren B. Dunkley ("Defendant") determining that the debt owed her is nondischargeable and to lift the stay of 11 U.S.C. § 362(a). For the reasons set forth herein, the Court grants the motion and finds the debt nondischargeable under 11 U.S.C. § 523(a)(4), (5) and (6). The Court holds that Defendant is judicially estopped in this matter to assert that the debt should be found dischargeable. Cause exists under 11 U.S.C. § 362(d)(1) to modify the automatic stay to allow Plaintiff to liquidate the unpaid balance of her claim against Defendant and seek her attorneys' fees and costs from him in the appropriate forum.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (I).

## II. FACTS AND BACKGROUND

None of the material facts are in dispute. Defendant previously filed a Chapter 7 bankruptcy case in 1991 (No. 91 B 23411), which was assigned to Judge Eugene R. Wedoff. At that time the parties were married to each other, but engaged in dissolution of marriage proceedings. In the first bankruptcy case, Plaintiff filed an adversary proceeding against Defendant seeking to declare nondischargeable certain obligations of Defendant to Plaintiff by reason of, inter alia, his fraud and defalcation while acting in a fiduciary capacity, and malicious injury to her property. *See* Exhibit No. 1 to Plaintiff's 402.M statement. The adversary proceeding was settled by the entry of an Agreed Judgment Order. *See* Exhibit No. 2 to Plaintiff's 402.M statement; Exhibit A to Defendant's 402.N statement. Defendant asserts that this Agreed Judgment Order was entered as a part of the compromise between the parties and that Judge Wedoff made no findings of fact or conclusions of law.

Count 1 of the complaint stated a cause of action pursuant to 11 U.S.C. § 523(a)(5)(B) for maintenance accruing to Plaintiff under the terms of the parties marital dissolution. *See* Exhibit No. 1 to Plaintiff's 402.M statement at pp. 3–5. Judgment was entered in favor of Plaintiff and against Defendant on Count 1. *See* Exhibit No. 2 to Plaintiff's 402.M statement and Exhibit A to Defendant's 402.N statement at p. 2, ¶ 3. Count 2 stated a cause of action pursuant to 11 U.S.C. § 523(a)(4) for fraud and defalcation while acting in a fiduciary capacity. *See* Exhibit No. 1 to Plaintiff's 402.M statement and Exhibit A to Defendant's 402.N statement at pp. 5–6. Judgment was entered in favor of Plaintiff and against Defendant on Count 2. *See* Exhibit No. 2 to Plaintiff's 402.M statement and Exhibit A to Defendant's 402.N statement at pp. 2–4. Count 3 of the complaint stated a cause of action for pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury by Defendant to the property of another. *See* Exhibit No. 1 to Plaintiff's 402.M statement at pp. 6–7. Judgment was entered in favor of Plaintiff and against Defendant on Count 3. *See* Exhibit No. 2 to Plaintiff's 402.M statement at pp. 4–5.

For purposes of Count 1 of the complaint, maintenance payments to Plaintiff from Defendant were set at $2,333.33 per month for a period of 60 months. *See* Exhibit No. 1 to Plaintiff's 402.M statement at p. 17. Defendant made the maintenance payments and two other lump sum payments required under the Judgment of Dissolution and a monthly payment of $4,687.71 under the property settlement between the parties until April, 1997.

The Agreed Judgment Order provides that Defendant's obligations in the dissolution action are not dischargeable in this or any other bankruptcy proceeding. *See* Exhibit No. 2 to Plaintiff's 402.M statement and Exhibit A to Defendant's 402.N statement at ¶ s 3, 4 and 5. It also provides that "[t]he Court specifically finds that this judgment regarding Count 2 is entered as a compromise of the Plaintiff's allegations therein; that the Debtor denies the allegations of wrongdoing therein; and the Court makes no determination that the Debtor engaged in the wrongdoing alleged by the Plaintiff therein." *Id.* at ¶ 4. The Agreed Judgment Order similarly provided for Count 3. *Id.* at ¶ 5.

On November 12, 1997, an order was entered in the parties' dissolution case finding that Defendant had improperly ceased making his property division payments to Plaintiff in April, 1997. *See* Exhibit No. 3 to Plaintiff's 402.M statement. In November, 1997, Defendant filed the instant Chapter 7 bankruptcy case. The case was converted to Chapter 13 in February, 1998. Thereafter, Plaintiff filed this adversary proceeding and the motion at bar.

## III. APPLICABLE STANDARDS

### A. Summary Judgment

In order to prevail on a motion for summary judgment, the movant must meet the

statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 378 (7th Cir.1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Federal Sav. & Loan Ass'n of Indianapolis,* 806 F.2d 146, 149 (7th Cir. 1986)).

In 1986, the United States Supreme Court decided a trilogy of cases which encourage the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. at 1355–56; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14; *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56; *Peerman v. Georgia–Pacific Corp.,* 35 F.3d 284, 286 (7th Cir.1994); *Cuddington v. Northern Ind. Public Serv. Co.,* 33 F.3d 813, 815 (7th Cir.1994). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law.

*Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Frey v. Fraser Yachts,* 29 F.3d 1153, 1156 (7th Cir.1994). "Summary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). However, "[i]f evidence opposing summary judgment is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted); *see also Griffin v. Air Line Pilots Ass'n, Int'l,* 32 F.3d 1079, 1084 (7th Cir.1994). When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment must be granted. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

Local Rule 402.M of the Bankruptcy Rules adopted for the Northern District of Illinois requires the party moving for summary judgment to file a detailed statement ("402.M statement") of material facts that the movant believes are uncontested. Local Bankr.R. 402.M. The 402.M statement "shall consist of short numbered paragraphs, including, within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id.*

Plaintiff filed a 402.M statement that complied substantially with the requirements of this Rule. It contained numbered paragraphs setting out assertedly uncontested facts. Each paragraph in the 402.M statement also refers to exhibits furnished in support of the motion.

The party opposing a summary judgment motion is required by Local Rule 402.N to respond ("402.N statement") to the movant's 402.M statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 402.N. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific refer-

ences to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 402.N(3)(a).

Defendant has complied with Local Bankr.R. 402.N. He responded to each numbered paragraph in the 402.M statement and made specific references to parts of the record. Defendant has also complied with Local Bank. R. 402.N.(3)(b) by setting forth additional facts.

### B. *The Standards for Dischargeability in the Seventh Circuit*

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw)*, 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). *See also In re McFarland*, 84 F.3d 943, 946 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir.1992) (quoting *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985)). *Accord Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir.1994).

### IV. *DISCUSSION*

#### A. *Collateral Estoppel*

Pursuant to the doctrine of collateral estoppel, once a court has decided an issue necessary to its judgment, that decision may preclude relitigation of the same issue in a suit on a different cause of action involving a party to the first cause of action. The Seventh Circuit has stated:

> Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral es-

toppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments.... Thus, if the requirements for applying collateral estoppel have been satisfied, then that doctrine should apply to bar relitigation of an issue determined by a state court.

*Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987). The United States Supreme Court has determined that collateral estoppel principles apply to dischargeability proceedings. *Grogan*, 498 U.S. at 285 n. 11, 111 S.Ct. at 658 n. 11. The party asserting collateral estoppel has the burden of establishing its applicability. *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program*, 20 F.3d 289, 294 (7th Cir.1994).

Although Congress has vested jurisdiction to determine the dischargeability of debt in the bankruptcy court, it does not mean that every last fact issue bearing on dischargeability must be relitigated, retried, and again decided when there has been a prior determination of the same facts by a court of competent jurisdiction. *Snyder General Corp. v. Gibson (In re Gibson)*, 149 B.R. 562, 572 n. 5 (Bankr.D.Minn.1993); *Bear, Stearns & Co. v. Powell (In re Powell)*, 95 B.R. 236, 238 (Bankr.S.D.Fla.), *aff'd*, 108 B.R. 343 (S.D.Fla.1989), *aff'd*, 914 F.2d 268 (11th Cir.1990); *First Colony Life Ins. v. Coover (In re Coover)*, 70 B.R. 554 (Bankr. S.D.Fla.1987). Courts apply the doctrine of collateral estoppel to promote judicial economy by encouraging parties to present their best arguments. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981). The party using offensive collateral estoppel bears the burden of proving that the elements of issue preclusion have been met. *Evans v. Dunston (In re Dunston)*, 146 B.R. 269, 277 (D.Colo.1992) (citations omitted).

The potential choice of law issue as to whether a state or federal collateral estoppel standard should be applied does not arise here because the prior judgment was obtained in a federal court. *See Katahn Assocs., Inc. v. Wien (In re Wien)*, 155 B.R. 479 (Bankr.N.D.Ill.1993) (prior federal district court judgment and bankruptcy court had to determine the preclusive effect of that judg-

ment). Because the previous judgment in the present case is a federal court judgment, federal standards, rather than state law standards for collateral estoppel, determine whether giving collateral estoppel effect to the Agreed Judgment Order is appropriate. *See Zervas v. Nix (In re Nix)*, 92 B.R. 164, 167 (Bankr.N.D.Tex.1988) (citations omitted); *Powell*, 95 B.R. at 238.

The Seventh Circuit has held that in order for collateral estoppel to be applied in a proceeding to determine the dischargeability of a debt, the following criteria must be met: (1) the issue sought to be precluded must be the same as the issue involved in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) determination of the issue must have been essential to the final judgment in the earlier proceeding; and (4) the party against whom estoppel is asserted must have been fully represented in the prior proceeding. *Klingman*, 831 F.2d at 1295; *Meyer*, 36 F.3d at 1379. It is undisputed that the first and fourth elements are met here and the second and third elements are at issue.

Plaintiff argues that the doctrine of collateral estoppel precludes Defendant from defending this matter as a result of the Agreed Judgment Order entered in the prior adversary proceeding. Plaintiff asserts that the dischargeability issue was raised and presented to Judge Wedoff who entered the Agreed Judgment Order which was final, and from which no appeal was taken.

■■■ Defendant notes the general rule that consent judgments, such as the Agreed Judgment Order, normally do not support the proper application of collateral estoppel because the underlying issues were neither actually litigated nor essential to the judgment. *See La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir.1990). The exception to this general rule is when the parties to a stipulation or consent judgment clearly intend to foreclose the issue from future litigation. *Klingman*, 831 F.2d at 1296. Both parties cite to *Klingman* and argue the perceived similarities and differences between the consent decree there and the language in the Agreed Judgment Order. Each party contends that their intent at the

time they agreed to the terms and language of the Agreed Judgment Order is an important focus for purposes of this matter. Plaintiff concludes that Defendant clearly intended that the debt was not to be discharged in the prior determination and thus he should be estopped from denying dischargeability in this matter. In contrast, Defendant contends his intent was just the opposite because he denied the allegedly wrongful conduct in the Agreed Judgment Order. In support of his position, Defendant has filed an affidavit, which among other things, states that the Agreed Judgment Order was entered as a compromise of Plaintiff's allegations and that he disputed the underlying facts in her complaint. *See* Exhibit B to Defendant's 402.N statement. Thus, he concludes he should not be precluded from defending this matter. According to Plaintiff, Defendant's denials of wrongful conduct in the Agreed Judgment Order do not negate his intent to settle the adversary proceeding and his agreement to the nondischargeability of the debt, his present self-serving affidavit notwithstanding.

■■■ Initially, the Court notes that the dispute between the parties about what Defendant intended at the time of entry of the Agreed Judgment Order does not necessarily preclude proper entry of summary judgment. The Seventh Circuit has noted that summary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when the plaintiff fails to indicate any motive or intent to support his position. *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988); *Corrugated Paper Prods., Inc. v. Longview Fibre Co.*, 868 F.2d 908, 914 (7th Cir.1989); *Alexander v. Erie Ins. Exchange*, 982 F.2d 1153, 1160 (7th Cir. 1993). Although Defendant correctly argues that the Agreed Judgment Order shows he never stipulated or admitted to the underlying acts, but rather, denied them, it is also true and more to the point that he agreed and stipulated to the entry of the nondischargeability of Plaintiff's claims and so consented to the result obtained by the Agreed Judgment Order. Moreover, unlike the facts in *Klingman*, where the prior litigation involving that debtor resulted in a consent

order being entered pre-bankruptcy in another court, the Agreed Judgment Order was consented to by Defendant and entered by Judge Wedoff post-bankruptcy in the prior adversary proceeding when Defendant was represented by counsel. Thus, there was no attempt by the parties to predetermine the result before Judge Wedoff could make an appropriate determination of dischargeability. It is beyond cavil that Defendant intended to agree to the nondischargeability of the debt, notwithstanding his denial of the underlying facts and the express lack of such findings by Judge Wedoff. The language of the Agreed Judgment Order makes it clear that although Defendant intended to be bound by the effect of Agreed Judgment Order, he did not intend to admit the underlying alleged factual predicate, nor did Judge Wedoff make any such factual findings. Thus, the record before the Court at this stage appears to lack the requisite second and third elements for proper entry of summary judgment—there was no actual litigation of the underlying predicate facts that Defendant disputed and those issues were determinate for Judge Wedoff's decision made to enter the Agreed Judgment Order.

### B. *Judicial Estoppel*

 The foregoing undisputed facts and the arguments of the parties also raise the related but distinct doctrine of judicial estoppel, also known as the doctrine of inconsistent positions. Application of this doctrine precludes a party from asserting a position in a subsequent legal proceeding inconsistent with a position taken by that party in the same or prior litigation. *In re Cassidy*, 892 F.2d 637, 641 (7th Cir.), *cert. denied*, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990); *Kale v. Obuchowski*, 985 F.2d 360, 361 (7th Cir.1993). It is intended to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories. *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir.), *cert. denied*, 506 U.S. 989, 113 S.Ct. 505, 121 L.Ed.2d 441 (1992) (citation omitted).

 The doctrine extends to inconsistent positions of law as well as fact. *Cassidy*, 892 F.2d at 642 ("[W]e think that the change of position on the legal question is every bit as harmful to the administration of justice as a change on an issue of fact."). The applicability of the doctrine rests with the Court's discretion and should not be used to work injustice, such as where the party's former position was the product of inadvertence or mistake, or where there is only the appearance of inconsistency between two positions but both may be reconciled. *Id.*

 Judicial estoppel is a flexible standard not reducible to a pat formula. *Levinson*, 969 F.2d at 264. The Seventh Circuit has set some boundaries for the application of judicial estoppel.

First, the later position must be clearly inconsistent with the earlier position. Also, the facts at issue should be the same in both cases. Finally, the party to be estopped must have convinced the first court to adopt its position; a litigant is not forever bound to a losing argument.

*Id.* at 264–65 (citations omitted). As further observed in *Cassidy*, "an appellate court may raise [judicial] estoppel on its own motion in an appropriate case." 892 F.2d at 641 (citation omitted).

 The Court opts to exercise its discretion at the trial level. There should be an end to the determination of the dischargeability of the unpaid debt owed by Defendant to Plaintiff in this Court and that time is now. The Court holds that Defendant should be judicially estopped from changing his position in this proceeding and contending that the unpaid portions of the debt should be dischargeable, in light of his contrary legal position in the prior adversary proceeding. Defendant has taken an inconsistent position of law in this matter regarding the dischargeability of the unpaid debt from the posture he agreed to in the prior adversary proceeding, despite his continued denial of the underlying wrongful conduct.

It is clear to the Court that Defendant is seeking the proverbial second bite at the dischargeability determination apple. The Agreed Judgment Order embodies the parties' agreement to settle. Hence, the strong policy of court sanctioned settlements should be enforced in this matter and obviate the

delay, expense and risks attendant to further litigation between the parties on the issue of whether the unpaid debt is nondischargeable now that Defendant has filed another bankruptcy petition.

The functional effect of the Agreed Judgment Order was the equivalent of Defendant voluntarily agreeing to repay the debt. This was in keeping with 11 U.S.C. § 524(f) which provides in pertinent part that: "[n]othing contained in ... this section prevents a debtor from voluntarily repaying any debt." The result, with regard to this unpaid debt, is analogous to that which occasionally occurs under 11 U.S.C. § 727(a)(10) when "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter," or under 11 U.S.C. § 523(a)(10) "that was ... listed or scheduled by the debtor in a prior case concerning the debtor under this title ... in which the debtor waived discharge...."

Cause exists under 11 U.S.C. § 362(d)(1) to modify the stay to allow Plaintiff to liquidate her claim against the Defendant and seek her attorneys' fees and costs from him in the appropriate forum.

### V. *CONCLUSION*

For the foregoing reasons, Plaintiff's motion for summary judgment is granted. The unpaid debt is nondischargeable under 11 U.S.C. § 523(a)(4), (5) and (6). The automatic stay is modified for cause pursuant to 11 U.S.C. § 362(d)(1) to allow Plaintiff to liquidate the unpaid balance of her claim against Defendant and seek her attorneys' fees and costs from him in the appropriate forum.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.