79 So.2d 423 (1955)
W.E. AVANT, Appellant,
v.
HAMMOND JONES, Inc., Appellee.
Supreme Court of Florida. Special Division B.
April 6, 1955.
Surles & Trawick and Henry P. Trawick, Jr., Lakeland, for appellant.
E. Snow Martin, Lakeland, for appellee.
THOMAS, Justice.
We give in abridged form the salient facts as they appear in the pleadings in the replevin and trover actions between the appellant and the appellee, and in the affidavits considered by the judge in connection with a motion for summary judgment in the latter.
The appellee brought an action in replevin to recover from the appellant eight trucks which had been sold by the appellee to the appellant by a retain-title contract stating that the property included "all parts, tires, or accessories now on or subsequently placed thereon * * *." After the appellant took possession of the trucks a spreader was welded to four of them. When *424 the property was taken by authority of the writ of replevin and eventually delivered to the plaintiff, appellee, by virtue of the final judgment, the spreaders were still welded to the four trucks.
The appellant offered no defense whatever to the complaint in replevin; on the contrary he suffered a default judgment to be entered against him.
Several months after the entry of the final judgment the appellant instituted the present action in which he charged that the appellee had converted the spreaders to its own use and he claimed damages for the conversion.
The judge, upon the motion for summary judgment, held that all matters undertaken to be presented in the later, trover, action could have been litigated in the former, replevin, action and that the judgment, therefore, constituted res judicata. We agree with the judge's ultimate decision, although we think the situation is one bringing into play the doctrine of estoppel by judgment. The distinction between the two has recently received the attention of the Court, in Gordon v. Gordon, Fla., 59 So.2d 40; Donahue v. Davis, Fla., 68 So.2d 163, and Universal Const. Co. v. City of Fort Lauderdale, Fla., 68 So.2d 366. As was pointed out in the second cited case, there are four conditions peculiar to res judicata: identity of the thing, the cause of action, the parties, and the quality in the person for or against whom the claim is made. The purpose of both principles is the same, to bring litigation to an end. In the first cited case we said that res judicata barred a later suit between the same parties upon the same cause of action, the first adjudication being final as to matters that were or could have been presented, while estoppel by judgment would be applied to prevent a party from re-litigating questions common to two causes of action when those questions were actually decided in the first.
In the replevin case which terminated in a judgment for the appellee, the appellee had sought possession of the trucks about which there was not, and there is not now, any dispute. The belated claim of the appellant is based on the position that the spreaders should have been separated from the trucks and that when this was not done, the appellee committed a conversion for which it had become liable in damages. There is then a difference in causes of action. But there was a point common to both actions which we believe was actually determined for all practical purposes and especially in view of our commitment that estoppel is founded on equitable considerations.
The action in replevin seems to have progressed in a normal way, and while it proceeded, the appellant did not bestir himself to present any defense or make any claim to the spreaders. He first asserted his rights by way of motion to vacate the judgment on the ground that the spreaders should not have gone with the trucks and acknowledged "that said final judgment adjudges that the aforesaid trucks and spreaders are the property of the plaintiff [appellee] by its terms * * *." Obviously at that time the appellant held the view we now hold that there had been an adjudication not only of the right to possession of the trucks, which has never been disputed, but of the attached spreaders too.
We conclude that the appellant was estopped to maintain an action in trover when he had had abundant opportunity to isolate for adjudication the claim he now makes that the spreaders should have been separated from the trucks and freed from the effects of the judgment. Had he done so, he would have obtained a decision either in his favor or one from which he could have appealed. When he disregarded this opportunity and by his silence let the adjudication dispose of a truck and spreader as one unit, he estopped himself from raising the point by a subsequent and different action.
The judgment is affirmed.
MATHEWS, C.J., DREW, J., and McNEILL, Associate Justice, concur.