PER CURIAM.
The defendant below, Maco Supply Corp., appeals from a final judgment, after a jury verdict, for the plaintiff below, Masciarelli.
The defendant, Maco, originally sold certain pool tables and billiard equipment under a conditional sales contract to Mas-ciarelli. It filed a replevin action against Masciarelli and obtained a final judgment in replevin against him for the possession of this personalty. Thereafter Masciarelli filed this law suit against Maco alleging breach of oral warranty; breach of oral representations and promises; and alleged that the actions of defendant were wilful, obstinate and malicious, thereby entitling him to compensatory and punitive damages. The verdict and final judgment were for the plaintiff in the sum of $13,000 compensatory and $23,600 punitive damages. Defendant has appealed from the final judgment.
Defendant’s first claim for reversal is based on the ground that the claims set forth in the plaintiff’s complaint were barred by estoppel by judgment, res judicata and the compulsory counterclaim rule.
In other words, defendant says plaintiff’s claims should have been asserted and litigated by Masciarelli in the original replevin action in which he was a defendant; and that he is barred as plaintiff below, from asserting them in this suit under the aforesaid principles. This claim for reversal is without merit. See Fla.Stat. § 46.08 (1965), F.S.A.; Seven Seas Frozen Products v. Fast Frozen Foods, Fla.1949, 43 So.2d 181; Goranson v. Maximo Moorings Marine Center, Inc., Fla.App.1967, 204 So.2d 745; and R.C.P. 1.010, 30 F.S.A.
Turning next to the question of punitive damages, we note that an award of punitive damages for a breach of contract is generally not permitted in Florida unless the breach amounts to an independent, wilful tort. See 9 Fla.Jur. Damages § 19. Here, the fact issues submitted to the jury were whether there was a breach of an implied or oral warranty of fitness for a particular purpose, which was ex con-tractu in nature, and whether there was a breach of an oral agreement to forbear. There was no showing of an independent *267 tort, separate and apart from the breach of contract. See Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854. Even though the acts of a party in violating a contract, may be wilful and flagrant they must also constitute an independent tort in order to constitute a predicate for an award of punitive damages. Fountainebleau Hotel Corp. v. Kaplan, Fla.App.1959, 108 So.2d 503.
Accordingly, the judgment herein appealed is affirmed as to the award of compensatory damages and reversed as to the award of punitive damages.
Affirmed in part; reversed in part.
It is so Ordered.