224 So.2d 329 (1969)
Anthony J. MASCIARELLI, Petitioner,
v.
MACO SUPPLY CORP., a Georgia Corporation, Respondent.
No. 37885.
Supreme Court of Florida.
April 30, 1969.
Rehearing Denied May 23, 1969.
Horton & Schwartz and Street & Greenfield, Miami, for petitioner.
A. Lee Bradford, of Dixon, Bradford, Williams, McKay & Kimbrell, Miami, for respondent.
CALDWELL, Justice (Retired).
This cause is here on petition and cross-petition for writ of certiorari to the District *330 Court of Appeal, Third District, 213 So.2d 265.[1]
On May 18, 1964, the parties executed a conditional sales contract for the purchase of various pool and billiard equipment. In January, 1966, Maco Supply Corp. brought replevin against Masciarelli alleging petitioner failed to make his installment payments as required by the contract. Personal service was had and, when Masciarelli failed to answer or counterclaim, respondent was on default judgment awarded possession of the equipment.
In August, 1966, petitioner Masciarelli brought the instant action. His amended complaint contained three counts. Count I alleged respondent Maco breached implied and express warranties of fitness for a specific purpose and failed to repair or replace deteriorated equipment; Count II alleged the parties subsequent to the signing of the conditional sales contract reached an oral agreement that respondent Maco would repair or replace the equipment and that petitioner Masciarelli would not be required to make the monthly installment payments until said repairs were accomplished; Count III alleged respondent's actions were malicious and done solely to harass petitioner and, as a result, Masciarelli was forced out of business and lost his life savings. Petitioner sought compensatory damages on all counts and punitive damages on Count III. Respondent denied each allegation and moved to dismiss the amended complaint on the ground all issues had been settled in the replevin action and the doctrine of estoppel by judgment or res judicata applied. The trial judge denied respondent's motions and the case went to trial. The jury verdict and final judgment were for petitioner in the sum of $13,000 compensatory and $23,000 punitive damages.
Respondent appealed both awards. The District Court of Appeal affirmed the award of compensatory damages and held neither res judicata nor estoppel by judgment applied.[2] With this conclusion we disagree. The right of possession was determined by the replevin action and the doctrine of estoppel by judgment negates re-litigation of that issue.[3] Having failed to defend upon whatever ground was then available and having permitted replevin by default, petitioner may not now be heard on his proffer of an oral agreement in Count II to vary the terms of the written contract. In this respect, the decision of the District Court is quashed.
We agree with the District Court that Griffith v. Shamrock Village, Inc., supra, defined the area within which punitive damages may be recovered and, further, that in Count III petitioner failed to allege a willful, independent tort, separate and apart from the breach of contract. We affirm the decision of the District Court reversing the judgment for punitive damages.
Accordingly, that portion of the decision of the District Court of Appeal reversing the award of punitive damages is approved and affirmed, and the part of their decision which allowed compensatory damages to stand is quashed and the cause remanded to that Court for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and CARLTON, JJ., concur.
NOTES
[1] Petitioner alleges conflict with Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957), and cross-petitioner alleges conflict with Southside Atlantic Bank v. Lewis, 174 So.2d 470 (1st Dist.Ct.App. Fla. 1965), and Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955).
[2] Fla. Stat. § 46.08 (1965); Seven Seas Frozen Products v. Fast Frozen Foods, 43 So.2d 181 (Fla. 1949); and Goranson v. Maximo Moorings Marine Center, Inc., 204 So.2d 745 (2d Dist.Ct.App.Fla. 1967).
[3] Southside Atlantic Bank v. Lewis, 174 So.2d 470 (1st Dist.Ct.App.Fla. 1965), and Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955).