276 So.2d 232 (1973)
Howard Layton MacDONALD, Appellant,
v.
The PENN MUTUAL LIFE INSURANCE COMPANY, an Insurance Corporation, et al., Appellees.
No. 71-865.
District Court of Appeal of Florida, Second District.
April 18, 1973.
James E. Thompson, of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellant.
Vernon W. Evans, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
HOBSON, Judge.
Appellant appeals an adverse final judgment and assigns as error the trial court's *233 ruling in dismissing, with prejudice, the first count of the original complaint and the sixth count of the amended complaint.
Appellee issued a group insurance policy to a bank where appellant was employed. Appellant thereafter terminated his employment and sought to convert his coverage under the group policy to an individual policy and to thereby obtain major medical insurance coverage on an individual basis. The appellee issued an individual policy for hospital and surgical benefits but refused to issue an individual major medical insurance policy to appellant without further proof of insurability. In Count I the appellant sought specific performance to compel appellee to issue an individual major medical insurance policy and on appellee's motion to dismiss the lower court held that the conversion privilege set forth in the policy did not require the appellee to issue individual major medical insurance or coverage to appellant under the terms of the conversion privilege of the group contract.
The pertinent part of the contract read in part:
"Conversion Privilege If an employee's Hospital, Surgical or Major Medical Expense Insurance has been in force for three months and thereafter terminates because his employment terminates for any reason, he shall have the privilege of converting that insurance without submission of evidence of insurability to an individual policy of hospital and surgical insurance."
Appellant contends that the language of the quoted portion of the policy was ambiguous, and that such ambiguity should be resolved in favor of the insured. We think that the conversion privilege paragraph clearly states, without ambiguity, that upon termination of his employment the insured shall have the privilege of converting his insurance coverage while an employee into an individual policy of hospital and surgical insurance without submission of evidence of insurability, but that the privilege of conversion was not extended to major medical insurance.
We hold that the lower court correctly dismissed Count I of the original complaint.
The lower court also correctly dismissed Count 6 of the amended complaint for failure to state a cause of action. In said count appellant sought compensatory and punitive damages for emotional stress and physical damages as a result of a vexatious and deliberate refusal of appellee to pay claims over a long period of time. Appellant's claim for compensatory damages was also alleged in other counts of the amended complaint with respect to specific medical claims due and owing.
Generally, damages for breach of contract are limited to the pecuniary loss sustained, or those which are the natural and proximate result of the breach. An award of punitive damages for a breach of contract is generally not permitted in Florida unless the breach amounts to an independent tort; Griffith v. Shamrock Village, Fla. 1957, 94 So.2d 854; Fontainbleau Hotel Corp. v. Kaplan, Fla.App. 1959, 108 So.2d 503; Maco Supply Corp. v. Masciarelli, Fla.App. 1968, 213 So.2d 265.
The allegations of appellant's Count 6 fail to show a case of sufficient severity to impose liability for an independent tort. There was only an alleged mishandling and refusal to pay claims or delay in paying claims due under the contract.
Appellant admits that there is no Florida case specifically permitting this cause of action, but urges this court to adopt the rationale of a California case, Fletcher v. Western National Life Ins. Co., 1970, 10 Cal. App.3d 376, 89 Cal. Rptr. 78, where the court allowed both compensatory and punitive damages for maliciously withholding payments of amounts due.
*234 Even if the Florida courts recognized such a cause of action, the case sub judice cannot be viewed as controlled by the principles in Fletcher, supra. In that case the conduct of the insurer was of such a heinous character that it met the requirements of the independent tort of intentional infliction of emotional distress. See Gruenberg v. Aetna Insurance Company, 1972, 27 Cal. App.3d 616, 103 Cal. Rptr. 887.
Considering the allegations made in all the counts of the complaint, Count 6 failed to support a cause of action for any additional damages or any punitive damages arising out of the alleged breach of contract.
The judgment appealed is thereupon
Affirmed.
LILES, A.C.J., and PIERCE, J., (Ret.), concur.