**In re G. Robert SEIFERT and Gail A. Seifert, Debtors.**

**Barry L. MELNICK, for the use and benefit of Barry L. Melnick's self-directed interest in the Office Automation, Inc. pension plan administered by Retirement Accounts, Inc., Plaintiff,**

**v.**

**G. Robert SEIFERT and Gail A. Seifert, Defendants.**

**Bankruptcy No. 89–3057–3P7. Adv. No. 90–1.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 21, 1991.

Kenneth L. Mann, Orlando, Fla., for plaintiff.

Thomas J. Sweet, New Smyrna Beach, Fla., for defendants, debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Barry L. Melnick, for the use and benefit of Barry L. Melnick's self-directed interest in the Office Automation, Inc. pension plan administered by Retirement Accounts, Inc., seeks determination that the judgment debt owed to it by defendants, G. Robert Seifert and Gail A. Seifert, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6).

At trial, plaintiff presented as evidence pertinent portions of the certified record of a previous proceeding between the same parties in the Circuit Court of Orange County, Florida (State Court Proceeding), including pleadings, requests for admissions, and final judgment. Defendants did not answer or appear.

Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

In 1984, plaintiff invested $30,000 with defendants to enable them to purchase rental property. Defendants were to manage the property with plaintiff acting as a silent partner. Upon resale, any profits were to be shared.

The parties ultimately lost the property through foreclosure.

Upon learning of the foreclosure sale, plaintiff filed a complaint against defendants in the state court. Plaintiff obtained a default final judgment for $30,000, plus $18,473.42 in pre-petition interest, against defendants based on breach of contract, breach of fiduciary duty, and fraud.

The state court also reserved jurisdiction to enter a supplemental final judgment for punitive damages, attorney's fees and costs.

The sole issue before this Court is whether the doctrine of collateral estoppel applies to prevent re-litigation of issues determined in the state court default final judgment.

## CONCLUSIONS OF LAW

Plaintiff argues that the judgment rendered in the state court proceeding is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), and that the doctrine of collateral estoppel precludes re-litigating the implicit factual findings.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that a bankruptcy court is not bound by the doctrine of *res judicata* in dischargeability proceedings. However, the court expressly declined to rule on whether the narrower concept of collateral estoppel applies in such proceedings. 442 U.S. at 138–139, 99 S.Ct. at 2212–2213.

The United States Court of Appeals for the Eleventh Circuit has extended the *Brown* doctrine, holding that under certain circumstances a bankruptcy court is bound by the doctrine of collateral estoppel in § 523 exception to discharge proceedings. *See In re Latch*, 820 F.2d 1163, 1166 (11th Cir.1987); *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987); *In re Jolly*, 124 B.R. 365, 366 (Bankr.M.D.Fla.1991); *In re Reynolds*, 122 B.R. 455 (Bankr.M.D.Fla.1990).

In order to apply collateral estoppel in an exception to discharge proceeding, the creditor must satisfy the following elements:

(a) the issue at stake must be identical to the one involved in the prior litigation;

(b) the issue must have been actually litigated in the prior proceeding; and

(c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).

## I. THE ISSUE AT STAKE IS IDENTICAL TO THE ONE INVOLVED IN THE STATE COURT LITIGATION.

■ The *Halpern* test first requires that "the issue at stake must be identical to the one involved in the prior litigation." *Id.* In *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court held that the standard for proving fraud under § 523 is preponderance of the evidence, rather than clear and convincing evidence. Therefore, the issue of fraud in state court litigation is normally governed by the same standard of proof as is § 523 proceedings.

In *In re Powell*, 95 B.R. 236 (Bankr. S.D.Fla.1989), *aff'd*, 108 B.R. 343 (S.D.Fla. 1989), *aff'd without opinion*, 914 F.2d 268 (11th Cir.1990), the court held that the elements of common law fraud in Florida "closely mirror" the requirements of § 523(a)(2)(A) and, hence, are "sufficiently identical ... to meet the first prong of the test for collateral estoppel." *Id.* at 239. Likewise in this proceeding, the Court finds that the issues are identical. Thus, the judgment in the state court proceeding satisfies the first prong of *Halpern*.

## II. THE ISSUE OF THIS ADVERSARY PROCEEDING WAS ACTUALLY LITIGATED IN THE PRIOR STATE COURT PROCEEDING.

■ The second prong of *Halpern* mandates that "the issue must have been actually litigated in the prior proceeding." *Halpern* at 1064. "Actually litigated" only contemplates that the defendant have been given a full opportunity to defend himself. Defendants in this case chose not to answer the state court complaint and cannot now claim that the judgment should be discounted because of their decision not to participate in the state court case. As this Court has previously stated:

Debtor/defendant could have reasonably foreseen the consequences of not defending an action based in part on fraud. It would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance.

*In re Wilson*, 72 B.R. 956, 959 (Bankr. M.D.Fla.1987). Thus, the second prong of *Halpern* is satisfied.

## III. THE DETERMINATION OF THE ISSUE IN THIS ADVERSARY PROCEEDING IN THE PRIOR STATE COURT PROCEEDING WAS A CRITICAL AND NECESSARY PART OF THE JUDGMENT IN THAT EARLIER DECISION.

■ The third and final prong of *Halpern* requires that "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Halpern*

at 1064. This requirement is also present as the judgment entered in the state court reserved jurisdiction to enter a supplemental final judgment for punitive damages, attorney's fees, and costs.

Under Florida law a finding of fraud will support an award of punitive damages. *First Interstate Development Corp. v. Ablanedo*, 511 So.2d 536, 539 (Fla.1987). *Cf., Como Oil Co. v. O'Loughlin*, 466 So.2d 1061 (Fla.1985). The state court pleadings and final judgment were all devoid of any allegations of negligence. Instead they show that the defendants had a preconceived intent not to perform and, thus, wilfully defrauded plaintiff out of his investment. Accordingly, the fraud element of the final judgment was both critical and necessary.

The elements of *Halpern* have been satisfied and the application of collateral estoppel is appropriate in this proceeding. Consequently, pursuant to § 523, the Final Judgment entered on June 2, 1989, by the Circuit Court of Orange County, Florida, and recorded in Book 3313 Page 410, shall be excepted from discharge pursuant to 11 U.S.C. § 523.

A separate Final Judgment will be entered consistent with these Findings of Fact and Conclusions of Law.

### FINAL JUDGMENT

Upon the Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. Judgment is entered in favor of plaintiff, Barry L. Melnick, for the use and benefit of Barry L. Melnick's self-directed interest in the Office Automation, Inc. pension plan administered by Retirement Accounts, Inc., and against defendants, G. Robert Seifert and Gail A. Seifert.

2. Final Judgment entered on June 2, 1989, by the Circuit Court of Orange County, Florida, and recorded in Book 3313 Page 410, is excepted from discharges pursuant to 11 U.S.C. § 523.