In re Robert W. BROWNING and
Pamela H. Browning, Debtors.

Kenneth R. WARRICK, Plaintiff,

v.

Robert W. BROWNING d/b/a Browning
Properties d/b/a Charleston Health
and Fitness Club, Defendant.

Bankruptcy No. 92–0168–BKC–3P7.
Adv. No. 92–1207.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 2, 1995.

Alan B. Fields, Jr., Palatka, FL, for plaintiff.

J. Michael Davis, Gainesville, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon a complaint to except certain debts from defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6). After a trial on April 8, 1993, this Court entered an order abating its decision in this proceeding until a motion for rehearing filed by plaintiff in the Circuit Court for Putnam County, Florida, had been heard.

Upon the evidence presented at trial, including a certified copy of the state court order denying plaintiff's motion for rehearing, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. In 1989, plaintiff filed a complaint in the Circuit Court for Putnam County, Florida, alleging that defendant fraudulently induced plaintiff to lend money to defendant to facilitate the sale of property in South Carolina. Plaintiff alleged that defendant misrepresented the financial condition of his business and that plaintiff relied on defendant's representations in lending him $80,000 during May and June of 1986. Plaintiff also alleged that defendant's actions were malicious and intentional and prayed for punitive damages.

2. On November 15, 1989, the state court awarded judgment in favor of the plaintiff for $40,000 based on two counts of the complaint supported by promissory notes. The Court dismissed the remaining counts of the complaint, including the allegations of fraud and malicious injury.

3. Plaintiff filed a timely motion for rehearing which was calendared for February 4, 1992.

4. On January 13, 1992, defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On April 9, 1992, plaintiff filed an adversary complaint to determine the dischargeability of debts owed to plaintiff, alleging facts identical to those asserted in the state court complaint.

5. At trial before this Court, defendant argued 1) that the doctrine of collateral estoppel should bar the relitigation of fraud, leaving no issues on which an objection could be based pursuant to 11 U.S.C. § 523(a)(2)(B) or § 523(a)(6), and 2) that this Court should rule that the $40,000 judgment awarded to plaintiff by the state court is dischargeable pursuant to 11 U.S.C. § 727.

6. This Court held that collateral estoppel could not apply until the state court ruled on plaintiff's motion for rehearing and entered an order abating its ruling in this proceeding until the state court entered a final judgment.

7. On November 3, 1993, plaintiff filed notice of the state court's order of October 14, 1993, denying plaintiff's motion for rehearing.

8. At a status conference on April 12, 1995, the Court advised the parties that the adversary proceeding was now ready to go forward and that the Court would issue a ruling on plaintiff's complaint seeking exception to discharge under 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6).

### CONCLUSIONS OF LAW

The primary issue before this Court is whether the doctrine of collateral estoppel is applicable to bar the relitigation of factual issues determined by the state court. Collateral estoppel "refers to the preclusive effect of a judgment in foreclosing the relitigation of a particular issue in a subsequent proceeding, if that issue was raised, litigated, and adjudicated in a prior lawsuit, and if the adjudication of the issue was necessary to the outcome of the prior lawsuit." *S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1483 (11th Cir.1987).

The United States Court of Appeals for the Eleventh Circuit has supported the bankruptcy court's application of collateral estoppel "to preclude relitigation of facts actually and necessarily litigated in a state court action." *In re Halpern*, 810 F.2d 1061, 1063 (11th Cir.1987). *See also In re Seifert*, 130 B.R. 607 (Bankr.M.D.Fla.1991). Before applying collateral estoppel, however, a bank-

ruptcy court must examine the following elements:

a) the issue at stake must be identical to the one involved in the prior litigation;

b) the issue must have been actually litigated in the prior proceeding; and

c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Seifert,* 130 B.R. 607, 609 (Bankr. M.D.Fla.1991) (quoting *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987)).

### A. IDENTIFICATION OF IDENTICAL ISSUES

The Court must first determine whether the issues presented in this proceeding are identical to those decided by the state court. In *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court held that preponderance of the evidence is the correct standard of proof for allegations of fraud under 11 U.S.C. § 523. *Id.* at 291, 111 S.Ct. at 661. State courts utilize the same standard of proof for common law fraud, the elements of which are almost identical to the requirements of § 523. *In re Seifert,* 130 B.R. 607, 609 (Bankr.M.D.Fla.1991) (citing *In re Powell,* 95 B.R. 236 (Bankr.S.D.Fla.1989)). The plaintiff alleges fraud and malicious injury in both the state court complaint and in this proceeding. The issues are identical and the first requirement for applying collateral estoppel is satisfied.

### B. LITIGATION OF IDENTICAL ISSUES

The Court must next determine whether the issues alleged in this Court were actually litigated in the state court action. This determination requires the Court to decide whether the defendant had a complete opportunity to defend against the complaint and whether the state court rendered a final judgment. *In re Seifert,* 130 B.R. 607 (Bankr.M.D.Fla.1991).

In this case, the defendant answered the complaint and litigated the issues to judgment in state court. When the plaintiff filed his adversary complaint, the state court judgment was not final due to the outstanding motion for rehearing set to be heard on February 4, 1992. In *Pruitt v. Brock,* 437 So.2d 768 (Fla.Dist.Ct.App.1983), the First District Court of Appeals of Florida held that

The end of all required or permitted judicial labor at the trial level is obviously not reached until that court loses jurisdiction over the matter through expiration of the ten-day time period in which a motion for rehearing is required to be served or, if such motion is timely served, upon disposition thereof.

*Id.* at 774.

The state court entered an order denying plaintiff's motion for rehearing on October 14, 1993. The parties litigated the issues to judgment which became final upon the state court's denial of rehearing. The state court judgment meets the second prerequisite for applying collateral estoppel.

### C. ADVERSARY ISSUES WERE NECESSARY AND CRITICAL TO STATE COURT JUDGMENT

The final question before the Court is whether the issues now before it were critical and necessary to the state court judgment. Courts differ on whether a bankruptcy judge is required to review the entire transcript of the state court proceeding to make this determination. The Eleventh Circuit Court of Appeals, however, has adopted the view that

it would be sufficient for the bankruptcy court to look at enough of the state court record to assure itself that the issues it faces in a nondischargeability proceeding were actually litigated in state court and were necessary to the state court judgment. If in one case that means looking at the entire record, then the entire record must be read; if in another case less will suffice, that is all that is needed.

*In re Wellever* 103 B.R. 856, 859 (Bankr. W.D.Mich.1989) *cited with approval in In re Betts,* 174 B.R. 636 (Bankr.N.D.Ga.1994). In evidence, this Court has reviewed plaintiff's third amended complaint, defendant's answer to that complaint, the pre trial order stipulating the issues to be decided in the state court, the judgment from the state court, and

the state court order denying rehearing. The Court finds that these documents represent an accurate record of the litigation in the state court action and that a review of the state court transcript is unnecessary.

Although it was not imperative that the state court adjudicate the issues of fraud or malicious injury to allow plaintiff to recover on promissory notes, it was "critical and necessary" for the state court to determine that no fraud existed to dismiss Count V of plaintiff's complaint. The issues of fraud and malicious injury asserted in this adversary proceeding were necessary and critical to the state court judgment, and the final element of the test for applying collateral estoppel is met.

## CONCLUSION

The issues raised by plaintiff in the state court action are identical to the issues in this proceeding and were actually litigated to final judgment in the state court. The issues of fraud and malicious injury were necessary and critical to the state court judgment in which the court found insufficient evidence of fraud and dismissed the portion of the complaint containing these allegations. Thus, this Court finds collateral estoppel is appropriate in this proceeding to bar the relitigation of the fraud issue decided by the state court, and no evidence supports plaintiff's nondischargeability claim pursuant 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6). The Court finds that the $40,000 judgment awarded to the plaintiff by the state court was not based on fraud and is dischargeable pursuant to 11 U.S.C. § 727. A separate judgment will be entered consistent with these findings of fact and conclusions of law.

## JUDGMENT

This proceeding came before the Court upon Kenneth Warrick's complaint seeking to exempt certain debts from defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6). Upon the evidence presented, it is

ORDERED:

1. Judgment is entered in favor of the defendant, Robert W. Browning, and against the plaintiff, Kenneth R. Warrick.

2. The Final Judgment entered on October 14, 1993, by the Circuit Court of Putnam County, Florida, is dischargeable pursuant to 11 U.S.C. § 727.