In re Richard C. HARTMAN, Debtor.

Terri L. Manucy, Plaintiff,

v.

Richard C. Hartman, Defendant.

Bankruptcy No. 01–04168–BKC–3P7.
Adversary No. 01–187.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 12, 2002.

Robert Altman, Gregory L. Atwater, Orange Park, FL, for Debtor.

Timothy M. Goan, Palm Coast, FL, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) filed by Terri L. Manucy ("Plaintiff"). Richard C. Hartman ("Defendant") filed an answer and affirmative defense. On July 31, 2001, Plaintiff moved for summary judgment based on the collateral estoppel effect of a state court judgment. This Court denied the motion for

summary judgment after Defendant raised issues of fact as to whether collateral estoppel could apply in this proceeding. On November 20, 2001, the Court held a trial on all issues. In lieu of oral argument, the Court instructed the parties to submit case law in support of their positions for the Court's review. Upon the evidence presented and submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On June 1, 1999, Plaintiff entered into a Contract for Purchase and Sale of Real Estate ("Contract") with Defendant, agreeing to purchase certain unimproved real property located at 4515 Sartillo Road, St. Augustine, Florida ("Property") for $16,000.00. (Pl.'s Ex. 1.)

2. Paragraph Eight (8) of the Contract identified Plaintiff's intended use of the Property as a location for a mobile home residence. (Pl.'s Ex. 1.)

3. Paragraph Six (6) of the Contract indicated that Plaintiff purchased the Property in "as is" condition and declined to have a feasibility study performed on the Property. (Pl.'s Ex. 1.)

4. At the closing on June 1, 1999, Plaintiff informed Defendant of her intent to locate a mobile home on the property and live there with her family. Plaintiff testified that after she informed Defendant of her intended use, he replied that such a use would be permissible. This testimony was not controverted by Defendant.

5. Following the purchase of the Property, Plaintiff discovered that she could not move a mobile home onto the Property, because approximately 90 percent of the Property comprised wetlands.

6. In order to locate the mobile home onto the Property, Plaintiff had to (a) accept a corrective deed, which allowed St. Johns County the right to purchase a strip of property, in order to construct a road to the Property and (b) grant a conservation easement to the Florida Department of Environmental Protection, which prevented Plaintiff from constructing anything on approximately 55% of the Property. (Pl.'s Ex. 2, 3, 5.)

7. Plaintiff filed a civil suit against Defendant in the County Court, Seventh Judicial Circuit, St. John's County ("State Court"). The Defendant's participation in this civil suit amounted to filing a general answer. (Adv.Doc. 1.)

8. On January 31, 2001, Plaintiff moved for summary judgment in her civil suit against Defendant. In her motion for summary judgment, Plaintiff alleged: (1) Defendant knew or should have known the property was unbuildable wetlands; (2) Defendant intentionally failed to disclose the nature of the Property in order to induce Plaintiff to purchase the Property; (3) Plaintiff relied on Defendant to disclose that the property was unbuildable wetlands; and (4) Plaintiff suffered damages by paying fines and through the decrease in the Property's value. (Adv.Doc. 1.)

9. Plaintiff's motion for summary judgment included an Affidavit of Kenny Register. Register stated in the affidavit that he sought to purchase the Property from Defendant a few years before Plaintiff, but he discovered the property was unbuildable wetlands. In addition, Register stated he advised Defendant that he was no longer interested in the property, because it was unbuildable wetlands. (Adv.Doc. 1.) Register's testimony in this proceeding matched his affidavit in the State Court action. Defendant testified in this proceeding that Register never advised him that the Property was unbuildable wetlands.

10. Defendant failed to appear or file any responsive pleadings to Plaintiff's motion for summary judgment and on March 8, 2001, the State Court entered Final Summary Judgment Against Defendant Richard Hartman. (Pl.'s Ex. 6.)

11. The Final Summary Judgment found that Defendant caused Plaintiff to incur fines of $500.00 and suffer a $14,450.00 loss of value to the Property. (Pl.'s Ex. 6.)

12. On May 3, 2001, Defendant voluntarily filed for Chapter 7 Bankruptcy. (Doc. 1.)

13. Defendant listed Plaintiff as a secured creditor in Schedule D of his Bankruptcy Petition. Defendant listed the Plaintiff's claim in the amount of $21,000.00. (Doc. 1.)

14. The Trustee determined that no distribution could be made to creditors in Defendant's bankruptcy case. (Doc. 12.)

15. On June 29, 2001, Plaintiff commenced this adversary proceeding by filing her Complaint to Determine Dischargeability of Debt. (Doc. 9.)

### CONCLUSIONS OF LAW

■ Plaintiff contends Defendant is collaterally estopped from disputing the factual elements of fraud conclusively established by entry of the summary judgment in State Court. Alternatively, Plaintiff contends that even if issue preclusion does not apply, fraud was proven at trial in this proceeding. Defendant contends that the elements of collateral estoppel have not been met in this proceeding and collateral estoppel cannot apply. Defendant also argues that the evidence produced in this proceeding does not support a finding of nondischargeability.

### I. Collateral Estoppel

■ Collateral estoppel has the two-fold purpose of protecting litigants from the burden of relitigating identical facts and issues with the same party and promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 338, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The principles of collateral estoppel may apply to prevent the relitigation of facts and issues in exception to discharge proceedings. *See Grogan v. Garner*, 498 U.S. 279, 285 n. 1, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In considering whether to give preclusive effect to state court judgments, federal courts must apply that state's law of collateral estoppel. *See Vazquez v. Metropolitan Dade County*, 968 F.2d 1101, 1106 (11th Cir.1992); *Lang v. Vickers (In re Vickers)*, 247 B.R. 530, 534 (Bankr. M.D.Fla.2000).

■ Florida's law concerning collateral estoppel law requires that three elements must be met for issue preclusion to be proper: (1) the issue at stake must be identical to the one involved in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; and (3) the determination must have been a critical and necessary part of the judgment in that prior proceeding. *See St. Laurent, II v. Ambrose (In re St. Laurent, II)*, 991 F.2d 672, 676 (11th Cir.1993) (interpreting Florida's law of collateral estoppel); *Vickers*, 247 B.R. at 534. Also, in order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, a bankruptcy court must find that the burden of persuasion in the discharge proceeding is not significantly heavier than the burden of persuasion in the initial proceeding. *See Bush v. Balfour Beatty Bah., Ltd.*, 62 F.3d 1319, 1322 (11th Cir.1995). *Vickers*, 247 B.R. at 534.

### A. Identical Issues

■ The first element in *St. Laurent, II* requires that the issue at stake must be

identical to the one involved in the prior proceeding. *St. Laurent, II,* 991 F.2d at 676. Under § 523(a)(2)(A) an individual is not discharged from any debt for money or property ... to the extent it was obtained by ... a false representation. 11 U.S.C. § 523(a)(2)(A) (West 2002). In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must prove: (1) that defendant made a false representation with the purpose and intent of deceiving plaintiff; (2) that plaintiff justifiably relied upon the representation; and (3) that plaintiff sustained a loss as a result of the representation. *See City Bank & Trust Co. v. Vann (In re Vann),* 67 F.3d 277, 281 (11th Cir.1995); *Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1579 (11th Cir. 1986). To prove fraud under Florida law, a plaintiff must establish that the defendant made a "deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." *First Interstate Dev. Corp. v. Ablanedo,* 511 So.2d 536, 539 (Fla.1987).

In the instant case, Plaintiff alleged sufficient facts in her State Court motion for summary judgment to support a cause of action for common law fraud under Florida law. (See Adv. Doc. 1.) The Eleventh Circuit has held that the elements for common law fraud in Florida closely mirror the requirements of § 523(a)(2)(A). *See In re St. Laurent, II,* 991 F.2d at 676 (internal quotations and citations omitted). Accordingly, the first element of collateral estoppel is met in the instant case, because the facts alleged in the State Court motion for summary judgment closely mirror the requirements of § 523(a)(2)(A). *See id.*

## B. Actually Litigated

The second element in *St. Laurent, II* requires that the issue at stake must be "actually litigated" in the prior proceeding. *Id.* at 676. Under Florida law, a pure default judgment, entered when there is no participation by the defendant, can be sufficient to satisfy the actually litigated element of collateral estoppel. *See Masciarelli v. Maco Supply Corp.,* 224 So.2d 329, 330 (Fla.1969); *Avant v. Hammond Jones, Inc.,* 79 So.2d 423, 424 (Fla.1955). " 'Actually litigated' only contemplates that the defendant has been given a full opportunity to defend himself." *Melnick v. Seifert, (In re Seifert),* 130 B.R. 607, 609 (Bankr.M.D.Fla. 1991). As a result, a default judgment obtained in state court should not be discounted, because a defendant voluntarily chose not to participate in the case. *Id.* The same rationale also applies to summary judgments entered in Florida's state courts. *See generally, In re Nourbakhsh,* 162 B.R. 841 (9th Cir. BAP 1994) (the Bankruptcy Appellate Panel held that a Florida state court summary judgment based on default had collateral estoppel effect).

In the instant case, the Court finds that the actually litigated element is met, because Defendant had the full opportunity to defend himself in State Court and voluntarily chose against it. Both the State Court and the Plaintiff notified Defendant on several occasions regarding the status of the case. Despite receiving notification of the opportunity to participate in the State Court case, Defendant limited his participation to the filing of an answer. Additionally, the State Court found Defendant willfully and deliberately failed to comply with orders requiring his compliance with discovery requests and his appearance at depositions.

However, Defendant argues that because he represented himself in the State Court action, the issues were not actually litigated. Defendant's argument is misplaced, because this Court considers whether the Defendant had the full oppor-

tunity to defend himself and not whether he utilized that opportunity. Thus, the Court finds the issue at stake was actually litigated in the prior proceeding.

### C. Critical and Necessary

The third element in *St. Laurent, II* requires that the issue at stake in the prior litigation must have been a critical and necessary part of the judgment in the prior proceeding. *St. Laurent, II*, 991 F.2d at 676. This Court found in *Vickers* that a Florida default judgment for fraud serves as grounds for invoking collateral estoppel in dischargeability proceedings. In *Vickers*, this Court addressed an apparent issue of first impression and determined the critical and necessary element is satisfied, even when the default judgment is sustainable by multiple independent grounds. *Id.* at 535–36. A later decision in this District considered *Vickers* at great length and held:

> "Where the prior final judgment made only a single monetary award with respect to a multi-count complaint, and it cannot be determined which of the allegations were essential to the judgment, the doctrine of collateral estoppel should not be applied because it cannot be shown that any particular allegations in the complaint were "critical and necessary" to the judgment."

*Dimmitt and Owens Fin., Inc. v. Green (In re Green)*, 262 B.R. 557, 567 (Bankr. M.D.Fla.2001).

The facts of this case satisfy the critical and necessary requirement in either *Vickers* or *Green*. Plaintiff's motion for summary judgment in the State Court case was based on a single allegation of fraud. The State Court granted summary judgment in favor of Plaintiff based on the single allegation of fraud. Additionally, the state court summary judgment specifically stated that Defendant *caused* Plaintiff to incur fines and suffer a loss of property value. (Emphasis added).

■ Defendant argues that the critical and necessary element has not been satisfied. In support of his argument Defendant asserts that the State Court cannot grant summary judgments based on fraud and that the State Court did not award punitive damages against Defendant. Defendant's argument is misplaced. First, the case law cited by Defendant did not hold that Florida courts cannot grant summary judgments based on fraud. Instead, this case law determined which facts preclude a Florida court from granting summary judgment based on fraud. *See generally, Parker v. Bryce*, 96 So.2d 154 (Fla. 1957); *Alepgo Corp. v. Pozin*, 114 So.2d 645 (Fla.3d Dist.Ct.App.1959), cert. den. 117 So.2d 842; *Owens v. MacKenzie*, 103 So.2d 677 (Fla. 1st Dist.Ct.App.1958). Second, the State Court did not grant punitive damages, because Plaintiff's motion for summary judgment did not seek punitive damages. Thus, the Court finds the elements of common law fraud to be critical and necessary to the state court summary judgment.

### D. Burden of Persuasion

■ The final issue in the Court's analysis concerns the weight of the burdens of persuasion. The Supreme Court has concluded that "the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan*, 498 U.S. at 281, 111 S.Ct. 654. The Eleventh Circuit has determined that the evidentiary burdens for fraud under Florida law and under § 523(a) are identical. *See St. Laurent, II*, 991 F.2d at 677. *See also, Wieczoreck v. H & H Builders, Inc.*, 475 So.2d 227, 228 (Fla.1985) (finding "only a preponderance or greater weight of the evidence is required to establish fraud").

Accordingly, the Court finds this issue is satisfied. As such the collateral estoppel effect of the state court summary judgment applies in the instant case and the Court will not address whether the facts presented at trial reject or support dischargeability.

### CONCLUSION

The Court finds collateral estoppel prevents Defendant from relitigating the truth of the allegations of fraud. As such, pursuant to the State Court Final Summary Judgment, the Court determines that the debt owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). A separate judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.