In re Randall S. APPEL, Debtor.

Norman Bard and Shirley Bard,
Plaintiffs–Appellees,

v.

Randall S. Appel, Defendant–Appellant.

Bankruptcy No. 802–21–04768.
No. 03–CV–5949 (JS).

United States District Court,
E.D. New York.

Sept. 30, 2004.

Alexander Arandia, Arandia & Arandia, P.C., Forest Hills, NY, for Appellant/Defendant/Debtor.

Michael J. Connolly, Bressler, Amery & Ross, P.C., New York, NY, for Appellees/Plaintiffs, Norman Bard and Shirley Bard.

## MEMORANDUM AND DECISION

JOANNA SEYBERT, District Judge.

Pending before this Court is an appeal arising from a Chapter 7 bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by Debtor Randall S. Appel ("Debtor"). Appellees, Norman Bard and Shirley Bard, filed an adversary proceeding against Debtor, seeking a declaration that the Debtor was not entitled to discharge under § 523 of the Bankruptcy Code. Debtor appeals from that portion of the Order of the Honorable Dorothy Eisenberg, U.S.B.J., dated October 2, 2003, which granted Appellees motion for summary judgment and declared that the Debtor was not entitled to a discharge under § 523 of the Bankruptcy Code (the "Bankruptcy Order").

## BACKGROUND

Debtor represented the Appellees as their registered investment advisor. Appellees, an elderly couple, entrusted Debtor to conservatively manage their life savings. Debtor instead placed Appellees' funds into a series of high-risk investments, while receiving enormous commissions, "kickers" and other bonuses from the companies he recommended. The Appellees' investments ended in an incredible loss of their life savings.

The Appellees then commenced an arbitration proceeding against Debtor and his entities encaptioned *Norman Bard and Shirley Bard v. Randall S. Appel, Appel Financial Planning, Ltd., Strategic Assets, Inc. and Ameriprop, Inc.,* National Association of Securities Dealers (NASD) Arbitration No. 00–01340, in Boca Raton, Florida on or about March 27, 2000 ("Arbitration Proceeding"). Appellees sought recovery against Debtor on claims for breach of contract, violations of Sections 517.01 and 517.301 of the Florida Securities and Investor Protection Act, breach of fiduciary duty, breach of duty of loyalty, violation of SEC Rule 10b–5 and Section 10(b) of the Securities and Exchange Act of 1934, negligence and common law fraud.

On October 23, 2001, the eve of trial in the Arbitration Proceeding, Debtor and his entities filed voluntary petitions under Chapter 7 of the Bankruptcy Code. Thereafter, the Appellees obtained relief from the automatic stay from the Bankruptcy Court for leave to prosecute the Arbitration Proceeding. Debtor failed to comply with at least three orders previously entered in the Arbitration Proceeding. Due to Debtor's failure to comply, he was precluded from presenting testimony and cross-examining witnesses at the Arbitration Proceeding. Debtor was, however,

permitted to appear at the Arbitration Proceeding and the Arbitration Panel did read and consider Debtor's answer. The Arbitration Panel issued an award on or about December 5, 2002 against Debtor and in favor of Appellees. Debtor never appealed the award.

On January 17, 2002, the Appellees commenced an adversary proceeding in the United States Bankruptcy Court for the Eastern District of New York seeking a ruling that Debtor's liability to them was non-dischargeable under Sections 523(a)(2), 523(a)(4) and 523(a)(6) of the United States Bankruptcy Code. On October 2, 2002, the Bankruptcy Court entered the Bankruptcy Order which granted Appellees' motion for summary judgment and stated that Debtor was collaterally estopped from relitigating the issues that were previously determined after years of litigation in the Arbitration Proceeding. Debtor now appeals the Bankruptcy Order.

*STANDARD OF APPELLATE REVIEW*

■■■■ Under Rule 8013 of the Federal Rules of Bankruptcy, "on an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANK. P. 8013. The court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...." *Id.; see also In re Momentum Mfg. Corp.,* 25 F.3d 1132, 1136 (2d Cir.1994); *In re PCH Assoc.,* 949 F.2d 585, 597 (2d Cir.1991). The bankruptcy court's legal conclusions are evaluated *de novo. See In re Momentum Mfg. Corp.,* 25 F.3d at 1136.

*DISCUSSION*

A court may properly grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of proof is on the moving party to show that there is no genuine issue of material fact, *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1223 (2d Cir.1994) (citing *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)), and "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2nd Cir.1985)); *See also Hayes v. New York City Dept. of Corrs.,* 84 F.3d 614, 619 (2d Cir.1996). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedures* § 2725, at 93–95 (1983)).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). Under the law of the Second Circuit, "when no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo,* 22 F.3d at 1224 (citing *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988)). Mere conclusory allegations, speculations or conjecture will not avail a party opposing summary judgment.

*Kulak v. New York,* 88 F.3d 63, 71 (2d Cir.1996).

■ 'The relief of discharge is a cornerstone of the debtor's 'fresh start' in bankruptcy. It enables the debtor to begin his post-bankruptcy life with a clean slate vis-à-vis his creditors.' Such relief, however is a privilege not a right and should inure only to the benefit of the honest Debtor." *In re Pimpinella,* 133 B.R. 694, 697 (Bankr.E.D.N.Y.1991) (internal citations omitted). The provisions of the Bankruptcy Code which pertain to exceptions to discharge state:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition; . . .

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;..

. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

. . .

11 U.S.C. § 523(a)(2), (4), and (6). In this case, the Debtor was found, in the Arbitration Proceeding, to have committed a fraud. As such, pursuant to § 523(a), the debt in question is non-dischargeable if the findings of the Arbitration Panel are given effect here. In the instant proceeding, the Debtor seeks to relitigate the merits of the Appellee's fraud claim while the Appellees seek to apply the doctrine of collateral estoppel to bar any such relitigation.

■ "In determining whether an arbitration decision in [Florida] collaterally estops the debtor from relitigating the issues which relate to dischargeability, the Court must refer to the applicable [Florida] law which would give preclusive effect to the decision and judgment, and decide if the required elements have been satisfied." *In re Guccione,* 268 B.R. 10, 14 (Bankr. E.D.N.Y.2001) (applying Arizona law); *see also In re Hartman,* 274 B.R. 911, 914 (Bankr.M.D.Fla.2002) (applying Florida law to determine preclusive effect of state court judgment); *In re Zangara,* 217 B.R. 26, 31 (Bankr.E.D.N.Y.1998) (stating "[a] prior state court judgment may bar discharge of the debt evidenced by that judgment if . . . the law of the state where the judgment was rendered would give preclusive effect to the judgment. . . ."). The parties here do not dispute that Florida law controls the applicability of collateral estoppel in this proceeding. *See* Appellee Br. p. 9–10; Debtor Br. p. 13–14.

■ Under Florida Law, three elements must be met for issue preclusion to apply: "(1) the issue at stake must be identical to the one involved in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; and (3) the determination must have been a critical and necessary part of the judgment in that prior proceeding." *In re Hartman,* 274 B.R. at 914 (interpreting Florida's law of collateral estoppel); *In re Bush,* 62 F.3d 1319, 1322 (11th Cir.1995) (same).

■ The first element requires that the issue at stake must be identical to the one involved in the prior proceeding. *In re Hartman,* 274 B.R. at 914. Here, the Appellees alleged facts in the Arbitration Proceeding nearly identical to the ones alleged in the non-dischargeability pro-

ceeding. *See id.* at 915 ("To prove fraud under Florida Law, a plaintiff must establish that the defendant made a 'deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff.'"). "The Eleventh Circuit has held that the elements for common law fraud in Florida closely mirror the requirements of § 523(a)(2)(A)." *Id.* (citing *In re St. Laurent, II*, 991 F.2d 672, 676 (11th Cir.1993)). In fact, the Arbitration Award recites verbatim the applicable elements under § 523(a). Therefore, the first element of collateral estoppel is met here because the issues alleged in the Arbitration Proceeding are identical to the necessary elements of § 523(a)(2)(A).

The second element requires that the issue presented must have been actually litigated in the prior proceeding. *Id.* at 914. The Debtor argues that he did not have a full and fair opportunity to litigate the issue at the Arbitration Proceeding because the Arbitration Panel, while allowing him to be present, precluded him from testifying or offering evidence in his own behalf. *See* Debtor Br. p. 22. Due to his inability to participate, Debtor argues that the Arbitration Award is not entitled to full faith and credit or collateral estoppel. *Id.*

However, what Debtor fails to include in his brief are the facts which both Appellees and the Bankruptcy Court found to be relevant: Debtor's preclusion from presenting evidence at the hearing resulted from his failure to respond to three prior orders throughout the arbitration, which took several years to conclude. *See* Appellees' Br., p. 14. "His choice to comply or not to comply with the directives were his choice. Failure to defend is not the same as not having the opportunity to defend.... Collateral estoppel applies where a party takes some steps to litigate, but then abandons his defense." Appellees'

Br. p. 15 (citing Transcript of Arbitration Proceeding at 21:14 to 22:13.).

■■ "'"Actually litigated" only contemplates that the defendant has been given a full opportunity to defend himself.'" *In re Hartman*, 274 B.R. at 915 (quoting *In re Seifert*, 130 B.R. 607, 609 (Bankr. M.D.Fla.1991)). Furthermore, under Florida Law, a pure default judgment entered when there is no participation by the defendant is sufficient to satisfy the "actually litigated" prong of collateral estoppel. *Id.; see also In re Seifert*, 130 B.R. at 609 ("Debtor/defendant could have reasonably foreseen the consequences of not defending an action based in part on fraud. It would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance."). In the instant case, the Court finds that the actually litigated element is met, because Debtor had the full opportunity to defend himself at the Arbitration Proceeding and voluntarily chose not to comply with several orders.

The final element necessary to establish collateral estoppel under Florida Law is that the determination must have been a "critical and necessary" part of the judgment in that prior proceeding. *In re Hartman*, 274 B.R. at 914. As discussed earlier, the Arbitration Panel necessarily made findings of fraud identical to the requirements under § 523(a) of the Bankruptcy Code. The findings made by the Arbitration Panel were plainly a "critical and necessary" part of the Arbitration Award and the determination that the Debtor had defrauded the Appellees. Thus, the Court finds the elements of § 523(a) to be critical and necessary to the Arbitration Award.

In addition, "[t]he United States Supreme Court has declined to bar the use of collateral estoppel with respect to arbitration awards in subsequent federal court

litigation." *In re Zangara,* 217 B.R. at 35 (citing *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 223, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)). More recently, the Supreme Court's decision in *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), specifically stated that "collateral estoppel or issue preclusion may be applied in reaching conclusions about certain underlying factual issues that are necessary to establish dischargeability in actions commenced under 11 U.S.C. Sec. 523(a)." *In re Zangara,* 217 B.R. at 35 (citing *Grogan,* 498 U.S. at 284–85, 111 S.Ct. 654). Therefore, this Court finds that there is no federal exception to "full faith and credit" for non-dischargeability proceedings.

Having found that the Debtor is barred from relitigating the merits of the fraud claim presented in the Arbitration Proceeding, and recognizing that the elements of a fraud claim under Florida law are the same as the elements for establishing the non-dischargeability of a debt under § 523(a), the Court finds that the debt in question is in fact non-dischargeable and upholds the Order of the Bankruptcy Court.

*CONCLUSION*

The Court finds that collateral estoppel prevents the Debtor from relitigating the truth or merits of the allegations of fraud or the effect of the release signed between himself and Appellees. The Arbitration Award was rendered in Florida under Florida Law. If the Debtor had any objections to the Award, the proper forum for his objections would have been in a Florida State court, not Bankruptcy Court and certainly not in this Court.

For all the reasons set forth herein, the Order of the Bankruptcy Court is AF-FIRMED and the Debtor's appeal is DISMISSED.

SO ORDERED.